## CALLAN CONSTRUCTION CO., INC. *vs.* FREDERICK MARTIN *et al.*

### JUNE 3, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of the case in assumpsit. After a trial in the superior court a jury returned a verdict for the plaintiff for $1150 with interest, the defendants' "plea and set-off" being considered. Thereafter the defendants' motion for a new trial was denied by the trial justice. The case is now in this court on the defendants' bill of exceptions, which contains exceptions taken to rulings made during the course of the trial, to the charge of the trial justice, to his refusal to charge as requested by the defendants, and to his denial of said motion for a new trial.

The defendants, who are husband and wife, were sued jointly. The plaintiff declared only on the common counts and on a book account which alleged $1524.08 to be owed by the defendants. The latter pleaded the general issue, a denial of joint liability, a plea alleging that the plaintiff was indebted to them in the sum of $4000, in that they had been damaged to that amount by reason of "certain breaches of warranties" by the plaintiff, and a plea in the nature of the common counts alleging the sum of $4000 to be due them from the plaintiff, less such sum, if any, as it might be found to be entitled to from them.

In general, the plaintiff's contention was that under an oral agreement made about April 8, 1936, it was to do certain work on premises at 149 High street, Bristol, which apparently were then owned by Mrs. Martin's mother, and in which the defendant Martin intended to conduct a school in the fall of that year. According to the plaintiff, the work in question was to include the building of a clay tennis court, the installing of certain drains, the plowing of the major part of the grounds to make a lawn, the spreading of fertilizer and the planting of seed. This work was to be done on a cost-plus basis. The plaintiff maintains that it performed this work in a reasonable and proper manner.

On the other hand, the defendants, in substance, contended that they were not jointly liable; that such agreement as was made was entered into with Dr. Martin; that the understanding was that the plaintiff was to build on the premises in question a clay tennis court and drain it, for a sum of about $500, but to do no other work; that the plaintiff did not perform such work satisfactorily; that another contractor had to be employed and paid a substantial sum to complete the tennis court and properly drain it; that the plaintiff, without authority, plowed up certain of the land and planted buckwheat, with the result that a considerable amount of money had to be expended for the replowing and grading of the property, the placing thereon of a large amount of loam, and for seeding.

After the evidence was all introduced the defendants moved that the trial justice direct a verdict in their favor. In our opinion this motion was properly denied as to both defendants. The conflicting evidence on the material issues in the case clearly raised questions of fact to be passed upon by the jury under the declaration and pleas as filed. Defendants' exceptions 15 and 16 are therefore overruled.

In view of our conclusion that the case will have to be submitted to another jury, because of certain errors hereinafter pointed out in connection with the charge of the court, we deem it unnecessary to refer further to the evidence or to certain rulings of the trial justice made during the course of the trial.

One of the important questions in the case was whether or not the defendants were jointly liable to the plaintiff. It appeared in evidence that at the time the alleged agreement was made Mrs. Martin was in Florida. Whether or not, after her return, she made herself liable to the plaintiff by her acts, conduct or statements, was one of the issues in the case. After stating, in substance, during the trial that he would leave this question to the jury to decide, the trial justice directed the jury that as a matter of law the defendants were jointly liable to the plaintiff.

During the argument of the plaintiff's attorney, and in the jury's presence, the trial justice said: "I am going to charge the jury that both Dr. Martin and his wife are liable for this bill as a matter of law. They are both liable and responsible for it jointly and severally and I rule that way." Thereafter in his charge he used the following language: " . . . if they put in the time, those days, Dr. Martin and his wife are both responsible. This is a joint and several action. They are jointly and severally liable. If you don't think the wife is responsible, you can't cut her out. She is in here. She is the wife. They both wanted this work done. Now they are both responsible as a matter of law and I charge you so. Don't argue the question whether Mrs. Martin made the contract. There is no question about that. They wanted the work done, somebody did."

In our opinion these statements constitute error. The question of whether or not Mrs. Martin was liable to the plaintiff should, on the evidence appearing in the instant case, have been left, in the first instance, to the jury for their determination upon a proper charge by the court. This matter is raised by defendants' exceptions 17 and 22.

In addition, an examination of the charge, which was very brief, shows that it was entirely inadequate to fairly present to the jury all the material issues raised by the defendants' pleadings and evidence. For example, the trial justice charged, with reference to the plaintiff: "If he did the work and put in the time and it is a reasonable charge, he is entitled to recover. . . . If Mr. Callan did the work, and I don't think there is any dispute that he did it—I haven't heard anything in the evidence—, he is entitled to recover. If he put in that time, he is entitled to recover. There is no question about the reasonableness of it, whether he earned it or not. . . . Did he put in the time? That is all there is to it. If he put in the time, he is entitled to be paid for it."

These portions of the charge clearly took away from the jury the consideration of the issues raised by the defendants,

namely, that there was a specific contract for a definite amount; that unauthorized work was done by the plaintiff; and that an unreasonable amount of work was charged for. Nowhere else in the charge was this error corrected. Indeed, in his charge the trial justice did not refer at all to the defendants' theory of the case, or to matters they raised by way of defense, although they were set out in several of their requests to charge, all of which were refused. The defendants' exceptions 19, 20, 21, 24 and 28 cover these points.

Finally, the defendants requested the trial justice to charge the jury as to the burden of proof and as to their duty to pass upon the credibility of the witnesses. These requests were refused by him although these matters were not otherwise included in his charge. While the trial justice is not obliged to charge in any particular language; or to cover all points requested by one of the parties, unless they are material and are not otherwise fairly covered by the charge, yet, in our judgment, these two matters were so fundamental, especially in view of the other parts of the charge, that it was error for him not to cover them in his charge when expressly requested to do so by the defendants. The defendants' exceptions 33 and 34 reach these rulings. In our opinion, therefore, the defendants were prejudiced by the errors which we have pointed out.

The defendants' exceptions 17, 19, 20, 21, 22, 24, 28, 33 and 34 are sustained, and the case is remitted to the superior court for a new trial.

*Littlefield, Otis & Knowles, James B. Littlefield,* for plaintiff.

*Aram A. Arabian,* for defendants.